UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHEILA GRIFFIN,

               Plaintiff,

      v.

BRIGHTON DENTAL GROUP, et al.,

               Defendants.

DECISION & ORDER

09-CV-6616P

---

        *Pro se* plaintiff Sheila Griffin ("Griffin") has filed a complaint in the above-captioned matter alleging that defendants discriminated against her in her employment on the basis of her race, sex and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. §§ 12112 *et seq*. (the "ADA"). (Docket # 1). Defendants have filed a counterclaim for defamation against Griffin. (Docket # 5). Pursuant to 28 U.S.C. § 636(c), the parties have consented to have a United States magistrate judge conduct all further proceedings in this case, including the entry of final judgment. (Docket # 14).

        Currently pending before this Court is a motion by Griffin to amend to her complaint to add several defendants and causes of action. (Docket # 19). Griffin also has filed a motion to appoint counsel. (Docket # 25). For the reasons set forth below, I grant in part and deny in part Griffin's motion to amend her complaint and deny her motion to appoint counsel.

**FACTUAL BACKGROUND**

Griffin's initial complaint named Brighton Dental Group and Y.C. Mruthyunjaya ("Mruthyunjaya") as defendants. (Docket # 1). The factual allegations of her original complaint assert that Mruthyunjaya physically assaulted her in July 2007 and that another employee of Brighton Dental Group, Neelam Bajaj, slapped her in the face. (*Id*.). Griffin also claimed that she was verbally and emotionally harassed. (*Id*.). Griffin's causes of action included discrimination claims under Title VII and the ADA on the basis of her race, color, sex and disability. (*Id*.). Mruthyunjaya's counterclaim for defamation against Griffin alleges that Griffin's claim that he struck her is false and has damaged his personal and professional reputation. (Docket # 5).

On July 6, 2010, Griffin filed a motion to join additional defendants to the case, but did not include a proposed amended complaint identifying whom she wished to add or the claims she wished to allege against them. (Docket # 17). Instead, Griffin merely added the names of four individuals, Dr. Ajay Dass ("Dass"), Vinod K. Bajaj ("V. Bajaj"), Neelam Bajaj ("N. Bajaj") and Dr. Mahendra S. Vora ("Vora") to the caption of the case. (*Id*.). On July 26, 2010, this Court denied Griffin's motion without prejudice to renewal by August 23, 2010, on the condition that Griffin accompany her motion with a proposed amended complaint. (Docket # 18).

Griffin complied with this Court's order and, on August 23, 2010, filed the instant motion. (Docket # 19). Griffin seeks to add the same four parties she previously named: Dass, V. Bajaj, N. Bajaj and Vora. (*Id*.). Griffin's proposed amended complaint asserts claims for, *inter alia*, hostile work environment, employment termination, personal injury and unlawful

imprisonment. (*Id*.). In her supporting affidavit, Griffin states that her Title VII and ADA claims are based on the fact that she "could not speak back (female)" and was "not treated same as other[s]." (*Id*. at 10).

Griffin's proposed amended complaint amplifies her factual allegations. She now alleges that Mruthyunjaya assaulted her in July 2008 (not 2007) and that she informed Dass about the assault, following which she called the police and sought medical treatment. (Docket # 19 at 7, ¶ 1). She further alleges that in February 2008, N. Bajaj slapped her in the face and that she complained to Dass, who did nothing about it. (*Id*. at 4). Griffin also alleges that Mruthyunjaya and V. Bajaj verbally threatened and attacked her when she mispronounced their names. (*Id*. at ¶ 2). Griffin claims that she was treated differently from other employees with respect to conditions of her employment, including raises and evaluations. (*Id*. at ¶¶ 3, 6). Griffin also has asserted claims against Dass, Mruthyunjaya and N. Bajaj for false statements and perjury in connection with Workers' Compensation Board proceedings and proceedings in Brighton Town Court. (*Id*. at ¶¶ 8-9). Finally, Griffin claims that Vora unlawfully terminated her from employment following her employment with Brighton Dental Group. (*Id*. at ¶ 7).

Mruthyunjaya has submitted an affidavit in opposition to Griffin's motion. (Docket # 21). Specifically, Mruthyunjaya objects to the inclusion of Dass on the basis that Griffin did not name Dass in her complaint before the New York State Division of Human Rights and that he is a partner of Brighton Dental Group and is therefore already potentially liable by virtue of her action against the partnership. (*Id*. at ¶¶ 4-7). In addition, Mruthyunjaya construes Griffin's proposed amended complaint to assert against Dass only a claim for perjury, which "is not actionable in this Court." (*Id*. at ¶ 10). Further, Mruthyunjaya objects to the inclusion of V.

Bajaj as a defendant on the basis that V. Bajaj is not an employee of Brighton Dental Group and that Griffin has stated only a claim of non-employment related harassment, over which this Court lacks jurisdiction.  (*Id*. at ¶¶ 11-15).  Mruthyunjaya opposes the inclusion of N. Bajaj as a defendant, arguing that Griffin's only claim against N. Bajaj is barred by the statute of limitations.  (*Id*. at ¶¶ 16-20).  Finally, defendant contends that Vora is not employed by or affiliated with Brighton Dental Group and that any claim against Vora must be asserted in a separate complaint.  (*Id*. at ¶¶ 21-25).

## DISCUSSION

### I. Motion to Amend the Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits.  *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

In evaluating a motion to amend, the court should carefully consider whether the non-moving party will be prejudiced by such amendment. According to the Second Circuit, a court must consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted).

If the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131 (*per curiam*). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The *Twombly* "plausibility standard" applies even to complaints brought by *pro se* litigants. *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010). Nevertheless, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Sowell v. Chappius*, 695 F. Supp. 2d at 18 (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)).

When a party seeks to amend a complaint to add defendants, a court also must consider Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction [or] occurrence . . . and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See*, *e.g.*, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton Cnty. Nat'l Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of

transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

Evaluating the factors under Rule 15(a) of the Federal Rules of Civil Procedure, I find that Griffin should be permitted to amend her complaint to amplify the factual allegations. Indeed, defendants have not opposed this aspect of Griffin's motion. Instead, defendants oppose the addition of new defendants.

I turn first to Dass, a partner of Brighton Dental Group. (Docket # 21 at ¶ 4). A review of Griffin's complaint to the New York State Division of Human Rights reveals that she initially named Dass as a respondent, along with Mruthyunjaya and Brighton Dental Group. (Docket # 26). Affording Griffin's *pro se* complaint the liberal construction it is owed, I reject defendants' other arguments relating to the futility of Griffin's claims against Dass. Griffin asserts a claim of employment discrimination against Dass based upon the alleged hostile work environment to which she was allegedly subjected, which purportedly included two acts of assaultive behavior towards her, and his failure to remedy that harassment. These factual allegations are sufficient to state a claim of employment discrimination against Dass. Griffin has not, however, stated claims against Dass or Mruthyunjaya for perjury because it is a crime, not a civil cause of action, *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) (perjury is a crime and does not give rise to a civil cause of action), or for false statements because she has failed to identify the alleged false statement, *see BCRE 230 Riverside LLC v. Fuchs*, 874 N.Y.S.2d 34, 36 (1st Dep't 2009) (denying claims for defamation and injurious falsehood for failure to identify the alleged falsehood). Accordingly, Griffin's motion to add Dass as a defendant on her employment discrimination claims is granted.

I deny Griffin's motion to add N. Bajaj, V. Bajaj and Vora. First, Griffin alleges that N. Bajaj assaulted her in February 2008 and this action was not filed until seventeen months later in December 2009. (Docket # 1). Therefore, this claim is barred by the applicable one-year statute of limitations for assault. N.Y. C.P.L.R. § 215.[1] Further, defendants have affirmed that V. Bajaj is not an employee of Brighton Dental Group (rather, he is the husband of N. Bajaj, who was an employee), and Griffin has not alleged that V. Bajaj was her "employer" within the meaning of either Title VII or the ADA. *See* 42 U.S.C. § 2000e-2 (outlawing certain practices by an "employer"); 42 U.S.C. §§ 12111, 12112 (same). Indeed, her only claim against V. Bajaj is that he would "verbally attack" her for mispronouncing his name – an allegation that does not appear to state a legally cognizable claim. *CBS Inc. v. Arcane Visuals Ltd.*, 594 N.Y.S.2d 116, 117 (N.Y. City Civ. Ct. 1993) ("[h]arassment is not a cognizable claim under New York State common law"). Additionally, Griffin's claim against Vora fails because it appears to arise out of a separate transaction or occurrence from the events alleged in her initial complaint, which relates to her employment with Brighton Dental Group. Griffin was employed by Vora following her employment at Brighton Dental Group; accordingly, Vora may not be properly joined as a defendant under Rule 20(a).

---

[1] Further, Griffin's complaint to the New York State Division of Human Rights does not include a claim for assault by N. Bajaj. (*See* Docket # 26). Accordingly, Griffin may not argue that the statute of limitations was tolled by filing her complaint there. *See Tovar v. KLM Royal Dutch Airlines*, 2000 WL 1273841, *2 (S.D.N.Y. 2000) (recognizing that district courts are split on whether filing an EEOC complaint tolls the statute of limitations on state law claims).

## II. Motion to Appoint Counsel

It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 42 U.S.C. § 2000e-5(f)(1), a court may appoint an attorney to represent a complainant in a Title VII action. *See*, *e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003), *cert. denied*, 540 U.S. 1195 (2004). Such assignment of counsel is clearly within the judge's discretion. *Id.* The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997).

The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and

9

"even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

In this case, plaintiff has filed a third motion to appoint counsel. The Court is unable to ascertain at this early stage of the litigation whether plaintiff's claims likely have merit. In any event, plaintiff has failed to demonstrate that her case is complex or that she will be unable to litigate adequately this case without assistance of counsel. In addition, the Court also notes that there are a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper*, 877 F.2d at 172 ("[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause"). Based on this review, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is plaintiff's responsibility to retain an attorney or press forward with this action *pro se*.

## CONCLUSION

For the reasons stated above, plaintiff's motion to amend her complaint **(Docket # 19)** is **GRANTED in PART** and **DENIED in PART**. The Clerk of the Court is directed to file Griffin's proposed amended complaint as the First Amended Complaint, to issue a summons to Dass and to cause the United States Marshal's Service to serve copies of the Summons, Complaint and this Order upon Dass without plaintiff's payment therefor, unpaid fees to be

recoverable if this action terminates by monetary award in plaintiff's favor.  Plaintiff's motion to appoint counsel **(Docket # 25)** is **DENIED** without prejudice.

**IT IS SO ORDERED.**

                                          *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
       March   8  , 2011